FILED
2011 Sep-15 PM 03:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## MIDDLE DIVISION

| | |
|---|---|
| Joe Taylor, Jeff Mayben, Lecil Harrelson, <br> Jeff Morris, John A. Calvert, David Putman <br> and Derreck Sherrill, on behalf of <br> themselves and all others similarly situated, <br><br>     Plaintiffs, <br><br> v. <br><br> City of Gadsden, an Alabama <br> Municipal corporation; and, <br> Sherman Guyton, in his official capacity <br> as Mayor of the City of Gadsden, <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. _____ <br> ) <br> ) <br> )    Class Action <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1.       This is an action by firefighter employees of the City of Gadsden that are participants in the State of Alabama Employees Retirement System ("ERS").  Plaintiffs contend that the recent action of the City of Gadsden to increase the required pension contributions of firefighter employees from 6% to 8.25% of earnable compensation, as authorized by a recent act of the Alabama Legislature, constitutes an unlawful impairment of contractual obligations violative of Art. I, section 10 of the Constitution of the United States and Section 22 of the Constitution of the State of Alabama.  Plaintiffs seek declaratory and preliminary and permanent injunctive relief from this Court.

**JURISDICTION**

2.      Jurisdiction is vested in this court by 28 U.S.C. 1331 as a civil action arising under the Constitution of the United States.  This Court has supplemental jurisdiction over plaintiffs' related state law claims under 28 U.S.C. 1367.

**PARTIES**

3.      Plaintiff Joe Taylor is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on March 24, 1995 and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Driver.

4.      Plaintiff Jeff Mayben is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on December 6, 1985 and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Commander.

5.      Plaintiff Lecil Harrelson is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on December 6, 1985 and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Commander.

6.      Plaintiff Jeff Morris is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on October 10, 1991

and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Commander.

7.      Plaintiff John A. Calvert is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on October 1, 2004 and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Firefighter.

8.      Plaintiff David Putman is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on October 1, 2004 and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Firefighter.

9.      Plaintiff Derreck Sherrill is a resident citizen of the State of Alabama and over the age of twenty-one years.  He was hired by the City of Gadsden as a Firefighter on November 5, 1993 and has continuously been employed by the City of Gadsden Fire Department.  He is currently classified as a Driver.

10.      Defendant City of Gadsden ("City") is an Alabama municipality located in Etowah County and the employer of each of the plaintiffs.  The Gadsden Fire Department is a municipal department of the City.

11.      Defendant Sherman Guyton ("Guyton") is the duly-elected Mayor of the City and is sued in his official capacity only.  Guyton is the chief administrative officer of the City and responsible for the implementation of all laws, ordinances and policies governing City government.

## CLASS ALLEGATIONS

12.     In their representative capacity, Plaintiffs bring this action pursuant to Fed. R.

Civ. P. 23(a), (b)(1), (b)(2), and (b)(3) on behalf of the Class, consisting of all employees of the

Gadsden Fire Department that are participants in the ERS.

13.     Members of the Class have all been subjected to the same harms, including the

unilateral action of the City of Gadsden to increase participant contribution requirements to the

ERS, in violation of vested contractual rights pursuant to an unconstitutional act of the Alabama

Legislature.

14.     Plaintiffs are members of the Class they seek to represent.

15.     Numerosity is satisfied in that the number of Class members is in excess of 100

persons which would make joinder impractible, unreasonable and unnecessary.

16.     There are questions of law and/or fact common to the Class that predominate over

any questions affecting only individual members.

17.     The claims of the Plaintiffs are typical of the claims of the Class.

18.     The Plaintiffs are well organized and will fairly and adequately represent and

protect the interests of the members of the Class.  Plaintiffs have retained counsel competent and

experienced in complex class actions and constitutional litigation.

19.     Class certification is also appropriate under:

    a.     Fed. R. Civ. P. 23(b)(1) because prosecuting separate actions by individual

           Class members would create a risk of (a) inconsistent or varying

           adjudications with respect to individual Class members that would

           establish incompatible standards of conduct for the parties; and (b)

adjudications with respect to any individual Class member may be

dispositive of the interests of the other members of the Class not party to

an individual adjudication and would substantially impair or impeded their

ability to protect their interests;

b.      Fed. R. Civ. P. 23(b)(2) because Defendants have acted, continue to act, or

otherwise refused to act on grounds that apply generally to the Class, so

that final injunctive relief or corresponding declaratory relief is approrpiate

respecting the Class as a whole; and

c.      Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the

Class predominate over any questions affecting only individual members,

and a class action is superior to other available methods for the fair and

efficient adjudication of this litigation.

## FACTS

**A.      Participation By Municipal Fire Fighters in the Alabama Employee Retirement
System.**

20.     The Alabama Employees' Retirement System (ERS) was originally established in

1945 and provides disability and service retirement benefits to members and survivor benefits to

qualified beneficiaries.  Persons who become state employees after October 1, 1945 are required

to become members of ERS as a condition of their employment.  Ala. Code §36-27-4(a)(1).

Employees of the state of Alabama, as well as employees of counties, cities, towns or other

political subdivisions which have elected to participate in ERS, are vested in the right to receive

pension benefits after ten years of creditable service upon reaching the age of 60 if they became

members of the system after October 1, 1963. *Id.* §36-27-16(a)(1). Participants are also eligible

to receive a pension upon completion of 25 years of creditable service regardless of age. *Id.* §36-

27-16(c).

21.     The governing body of any county, city, town or other political subdivision "may,

by resolution legally adopted . . . elect to have its officers and employees . . become eligible to

participate" in ERS. *Id.*, §36-27-6(a). Membership in ERS is "compulsory for all employees

entering the service of such employer after the date of participation becomes effective." *Id.*, §36-

27-6(c). Once joined, these employees are "entitled to the benefits under the retirement system

as though they were state employees." *Id.,* §36-27-6(g).

22.     The agreement of any local employer to contribute on account of its employees

into ERS is "irrevocable," unless the employer "for any reason becomes[s] financially unable to

make the normal and accrued liability contributions payable on account of its employees," in

which case the employer is deemed to be in default, and its employees are entitled to discontinue

their membership and obtain a refund of their previous contributions. *Id.*, §36-27-6(h).

23.     Full-time certified firefighters, correctional officers, and law enforcement officers

have been required to contribute six percent of their earnable compensation as a condition of

ERS membership. *Id.*, §36-27-59(b)(2). The employer's total contribution obligation or rate is

established after each annual actuarial valuation of participating agencies. *Id.*, §36-27-24(c)-(e).

24.     Act number 2011-676 of the 2011 Regular Session of the Alabama Legislature

makes a number of changes to statutory provisions governing the ERS contribution rates of state

employees, judges, law enforcement officers, teachers and fire fighters. With respect to fire

fighters that are state employees, it amends §36-27-59 to increase the required employee

contribution for fire fighters from 6 percent to 8.25 percent on October 1, 2011, and to 8.5

percent on and after October 1, 2012.  The enacted legislation, however, carves out from this

increase any fire fighter participating in ERS pursuant to §36-27-6, the provision that allows a

political subdivision to elect to have its employees participate in ERS through a legally adopted

resolution.  With respect to these employees, Act 2011-676 provides that "[a]ny employer

participating under Section 36-27-6, by adoption of a resolution, may elect for the increases in

employee contributions provided by this act adding this language to be withheld from the

earnable compensation of employees of the employer."  This "local option" provision was added

to the bill as a political compromise.[1]

      25.     While the legislation authorizes increases in employee contributions rates, the

additional revenue generated by these increases will not be used to fund any increased benefits,

nor does this revenue improve the actuarial funding status of the pension system.  Instead, these

increases were enacted to simply offset, or reduce, the amount of required employer

contributions.  By passing a resolution adopting the "local option," a municipality shifts more of

the costs of participating in the ERS from the municipal budget to the employees, with no

corresponding increase in benefits or even an improvement in the actuarial soundness of the

employee's pension.

---

[1]The elimination of the "DROP" deferred retirement program was by far the portion of the statute that received the most attention as the bill proceeded through the legislative process.

**B.      The Pension Plan For City of Gadsden Fire Fighter Employees.**

26.      Ala. Act number 80-442 (1980 Acts of Alabama, p. 674) reauthorized the

Policemen's and Firemen's Retirement Fund of the City of Gadsden, a pension plan that was

originally created by Act No. 106 of the 1939 Alabama Legislature.

27.      Ala. Act number 2001-498 (approved by the Governor on May 17, 2001)

authorized the City of Gadsden and the Board of Trustees of the Policemen's and Firemen's

Retirement Fund of the City of Gadsden to "elect by resolution to have the employees of the

police and fire departments of Gadsden participate as a local unit in the Employee's Retirement

System and to transfer to that system all assets and liabilities of the fund and any other funding

required by the Employees' Retirement System for such participation pursuant to Section 36-27-

6, Code of Alabama 1975."  Act 2001-498, section 1.

28.      The City Council of the City of Gadsden adopted Res. No. R-34-02 on February

5, 2002 authorizing the ERS to calculate the actuarial costs of the participation of Gadsden police

and fire department employees in the ERS.  Extensive meetings followed between

representatives of the firefighters, police officers and the City regarding the terms upon which the

employees would join the ERS.

29.      On October 8, 2002, the Gadsden City Council adopted a series of ordinances and

resolutions to bring the police and fire employees of the City of Gadsden under the ERS.  The

ordinances that required the Mayor's approval were signed on October 17, 2002.  On October 17,

2002, Gadsden Ordinance No. 0-58-02 was approved.  The ordinance created a Supplemental

Fund to be "used exclusively for the costs of participation in the Employees Retirement System

of Alabama for employees who immediately prior to November 1, 2002, were members of the

Policemen's and Firemen's Retirement Fund of the City of Gadsden."  The ordinance further provided that employee contributions to the fund (including "all employees beginning work on or after November 1, 2002") would be "an amount equal to five percent (5%) of their compensation, on the same basis as employee and employer contributions to the Employee's Retirement System are calculated.  This withholding shall apply for work from November 1, 2002, through September 30, 3005."

30.     Also on October 17, 2002, the City adopted Ordinance No. 0-59-02, amending the City ordinance providing for retirement of fire fighters and police officers to provide that the City administrators "shall withhold the sum of six percent (6%) from the compensation paid to all police officers and fire fighter city employees who are eligible participants in the [ERS] and remit the withheld funds to the [ERS]."  The ordinance further provided that the "finance director shall pay an additional amount to the [ERS] as required by its regulations as the employer contribution cost on behalf of each participant."

31.     On October 8, 2002, the Gadsden City Council passed Resolution No. R-359-02 authorizing the Mayor to execute all agreements necessary for then-current and retired "members of the Policemen's and Firemen's Retirement Fund of the City of Gadsden to become participants in the [ERS]."

32.     On October 8, 2002, the Gadsden City Council adopted Resolution No. R-360-02, which authorized members of its Policemen's and Firemen's Retirement Fund to become members of the ERS.  Said resolution recited that "a majority of the members of the Policemen's and Firemen's Retirement Fund have indicated a desire to participate in the [ERS]."  Under said

resolution, the City agreed to make "all prior service contributions at the rate as determined by the Actuary of the [ERS]. . ."

33.     Finally, on October 8, 2002, the Gadsden City Council adopted Resolution No. R-364-02 to amend the Management Handbook governing personnel rules and benefits to provide for participation by fire fighters in the ERS with employee contributions of 6% of compensation.

34.     During the period since November 1, 2002, the City of Gadsden has withheld six percent of the compensation of firefighter employees for its use in paying the cost of the employee's participation in the ERS.  In addition, during the period of November 1, 2002 through September 30, 2005, the City withheld an additional five percent (5%) of firefighter compensation for application to the Supplement Fund.

**C.     The Increase In The Pension Contributions Of Plaintiffs.**

35.     On August 23, 2011, the Gadsden City Council adopted Resolution No. R-263-11. That resolution provided that "the City of Gadsden elects to come under the provisions of Act 2011-676 of the Regular Session of the 2011 legislature."  It further provides that "the City of Gadsden agrees to increase employee contribution rates as specified by said Act for the members of the [ERS]."  In relevant part, the City has "irrevocably" elected "to increase the deduction from 6% to 8.25% for law enforcement officers and firefighters, to be effective for all pay dates on or after October 1, 2011, and to increase the rate an additional 0.25% on or after October 1, 2012.

36.     The action of the City of Gadsden to increase the participant's contribution percentage adversely affects the firefighters that are participants in the ERS including those with more than ten (10) years creditable service and vested rights to pension benefits.

37.     The City of Gadsden and its firefighter employees entered into contractual relationships when the employees and City negotiated, agreed to and approved the City's termination of the City's Policemen's and Firemen's Pension Fund, the assignment of such assets and liabilities to the ERS, the election to come under the ERS under § 36-27-6, and the agreement to provide extra contributions in the Supplemental Fund for a three (3) year period from 2002 through 2005.  Each plaintiff and similarly situated class members made extra contributions to the Supplemental Fund prior to September 30, 2005 that provided special consideration to the City of Gadsden in meeting pension obligations.

38.     The City's action to increase employee contributions applies to firefighter employees that have vested pension rights but have not elected to retire at this time as well as those with less than ten years creditable service.

39.     Under the decisions of the Alabama courts, the vested rights of participants in the ERS are enforceable contractual rights that may not be unilaterally altered at the will of the state or its political subdivisions.

40.     The action of the City of Gadsden in making the election ostensibly authorized by Alabama Act 2011-676 to raise firefighter contributions constitutes an unlawful impairment of contractual obligations both as recognized under Alabama law and under federal law.  Such impairment of contractual rights are neither reasonable nor necessary to further an important public purpose.  They are not coupled with increased or improved benefits, improved actuarial soundness of the plan or are needed to address an unexpected emergency of substantial proportion.  Rather, the City's action simply shifts some of its costs to its employees in a manner that impairs vested rights.  The City's action is entitled to no deference and should be the subject

of heightened security due to the City's plain self-interest in the budgetary benefits of the impairment.

41.    Commencing on October 1, 2011, the City of Gadsden will increase the amount it withholds from participants by over one-third, a significant and substantial burden for firefighters and other public employees to bear.  Unless this Court declares the City's action unlawful and restrains such conduct, plaintiffs and those similarly situated will suffer substantial and irreparable harm.

42.    The State Legislature's action to authorize its municipalities to avoid the vested rights of ERS participants is also an unlawful impairment of contractual rights that are not reasonable or necessary to further an important public purpose.  Act no. 2011-676 has no severability provision and should be held void in its entirety as an overbroad action.

## Count I

### Contract Clause - Art. I, Sec. 10 of The United States Constitution

43.    All of the previous allegations of this Complaint are adopted herein by this reference.

44.    The complained of actions of the City of Gadsden in adopting Resolution R-263-2011 violate the provision of Art. I, Section 10 of the Constitution of the United States, prohibiting the passage of laws that impair the obligations of contracts.

45.    The provisions of Ala. Act 2011-676, providing a local option to increase employee contributions facially and as applied herein, violate Art. I, Section 10 of the Constitution of the United States as an unconstitutional impairment of a contractual obligation.

## Count II

### Contract Clause - Section 22 of the Constitution of Alabama

46.     All of the previous allegations of this Complaint are adopted herein by this reference.

47.     The complained of actions of the City of Gadsden in adopting Resolution R-263-2011 violate the provision of Section 22 of the Constitution of Alabama.

48.     The provisions of Ala. Act 2011-676, providing a local option to increase employee contributions facially and as applied herein, violate Section 22 of the Constitution of Alabama.

### Request for Relief

Wherefore, plaintiffs request that this Court take jurisdiction of this matter and enter the following relief:

a.     A declaratory judgment finding that the provisions of the Ala. Act 2011-676 authorizing municipalities to increase all participant contributions is overbroad and in violation of the Contract Clause provisions as set forth in Art. I, Section 10 of the Constitution of the United States.

b.     A declaratory judgment finding that the provisions of the Ala. Act 2011-676 authorizing municipalities to increase all participant contributions is overbroad and in violation of the Contract Clause provisions as set forth in Section 22 of the Constitution of Alabama.

c.      A declaratory judgment finding that City of Gadsden Res. No. R-263-11 violates the Contract Clause provisions as set forth in Art. I, Sec. 10 of the Constitution of the United States.

d.      A declaratory judgment finding that City of Gadsden Res. No. R-263-11 violates the Contract Clause provisions as set forth in Section 22 of the Constitution of Alabama.

e.      Preliminary and permanent injunctive relief restraining the defendant from increasing the contribution rates of firefighter participants in the ERS over 6%;

f.      An award of attorney's fees, costs and such other relief to which the plaintiffs may be entitled.

Plaintiffs confirm that notice of this action challenging the constitutionality of a state law will be provided to the Attorney General of the State of Alabama pursuant to Rule 5.1(a), F.R.Civ. P.

Dated: September 15, 2011

/s/ Raymond P. Fitzpatrick, Jr.
Raymond P. Fitzpatrick, Jr. (FIT 001)
Attorney for Plaintiffs
1929 Third Avenue N.
Birmingham, Alabama 35203
205-320-2255
rpfitzpatrick@fcclawgroup.com

14